# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4044 | **DATE** | 4/25/2011 |
| **CASE TITLE** | USA vs. Torres | | |

**DOCKET ENTRY TEXT**

Petitioner's motion under 28 U.S.C. § 2255 is denied and the case is terminated.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Petitioner's motion under 28 U.S.C. § 2255 is denied. His argument that I failed to inform him of a waiver of appellate rights is denied because he did not waive, and indeed exercised, his right to appeal. In addition, his appellate rights were discussed both in his plea agreement, which he signed and stated he had read and discussed with his attorney, and in court at the time of his guilty plea.

The remainder of petitioner's motion alleges ineffective assistance of both his trial and appellate counsel. These claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984), which require petitioner to show both that his attorney's performance was so deficient as to be objectively unreasonable, and that petitioner was prejudiced as a result. *Id.* at 688. Where a petitioner claims that his attorney's errors induced him to plead guilty, he must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty" to satisfy the prejudice prong. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner's first allegation is that trial counsel misled him about his sentencing range, and that he would not have pleaded guilty had he known that he could potentially be sentenced to 25 years in prison. Petitioner alleges that his attorney told him that the 20-year statutory minimum could not be imposed because the government's sec. 851 notice was faulty. Indeed, trial counsel challenged that notice, and the government responded by filing a corrected notice. Petitioner's counsel also challenged that notice, I found that it was acceptable, and in his *Anders* brief, appellate counsel raised that as a possible issue. The Seventh Circuit rejected petitioner's view. Petitioner essentially faults his counsel for not being successful in challenging the sec. 851 notice, but since there is no basis shown upon which counsel could have been successful, petitioner cannot show that his counsel's performance was defective with respect to this issue. Moreover, the issue of the sec. 851 notice was discussed at the time of petitioner's plea. I informed petitioner that if the government's view was accepted, he was facing a 20 year minimum sentence. Therefore, petitioner was unquestionably on notice that he faced a possible 20 year sentence when he pleaded guilty. Even assuming that his attorney gave him the misinformation he alleges--which the government disputes--the error was harmless.

Petitioner's additional allegations attacking his trial counsel fail to satisfy *Strickland* for similar reasons.

## STATEMENT

Petitioner argues that because of his counsel's allegedly erroneous advice, he did not know that he faced a possible 25 year sentence as a result of enhancements for his role in the offense and for the possession of a weapon. Again, however, his claim is belied by the record. In his plea agreement, petitioner agreed upon a three level enhancement because he was a manager and supervisor of a criminal activity involving five or more persons. (Plea Agreement, p. 7) During his plea colloquy, petitioner agreed that five or more persons were involved in the criminal activity, and that he personally recruited and supervised his sister to participate as a courier. In his plea agreement also, petitioner admitted that it was the government's position that he possessed a firearm in connection with his participation in the charged conspiracy. Petitioner admitted in that agreement that he possessed weapons during the relevant time period, although he disputed that he should receive the two level enhancement under the Sentencing Guidelines. Clearly, petitioner understood that if the government's position was accepted by this court, he would receive the enhancement. At his sentencing, and in its presentence filing, the government quoted petitioner's admission on tape that he had a weapon in the same room where drugs were recovered.

Petitioner also argues that he believed, based on his counsel's advice, that his criminal history was only a II, and that his sentencing range would be 121-157 months. In his plea agreement, however, petitioner acknowledged that his criminal history category was at least a V, and that the minimum offense level (taking into account reduction in points for acceptance of responsibility but enhancement for role in the offense) was at least 34. As noted above, I also specifically told him before he pleaded guilty that he was facing a possible minimum sentence of 20 years.

Petitioner claims that he could not move to withdraw his guilty plea when he belatedly found out that his sentence would be 25 years in prison because he did not know of this possibility until he was actually sentenced. But the Presentence Investigation Report, which petitioner had before his sentencing date, calculated the guideline range as 360 months to life. I disagreed with the probation decision to give petitioner a four level enhancement for his role in the offense (on the ground that he recruited numerous people as participants), because the government had previously agreed, in the plea agreement, to the lower enhancement. There was also lengthy discussion at the sentencing hearing about the proper guideline range, and petitioner never objected that this was a surprise. (I sentenced petitioner to 300 months in custody, which was below the adjusted guideline range.) Finally, in his *Anders* brief in the Seventh Circuit, petitioner's appellate counsel stated that petitioner did not want to set aside his guilty plea. *U.S. v. Torres*, 329 Fed. Appx. 641, 643 (7th Cir. 2009). Petitioner did not file a response to the *Anders* brief. *Id.* ("Torres has not accepted our invitation to comment on counsel's [*Anders*] motion.")

Petitioner next argues that he is innocent of the crimes to which he pleaded guilty. Petitioner swore during his plea before this court that he did commit the crimes. He offers no evidence that this was not correct. He makes other arguments about investigation and arguments that he says trial and appellate counsel should have made, but because he does not identify any errors or evidence that would have contradicted the government's evidence, he can demonstrate neither defective performance by his counsel nor prejudice.

Petitioner objects to the fact that the PSR calculated his criminal history as a level VI, although the plea agreement had said the expected history was a level V. However, the plea agreement specifically stated that petitioner and the government agreed that the guideline calculations in the agreement were preliminary and non-binding, that the Probation Office would conduct its own investigation and that the Court's determinations would govern the final guideline calculation.

I have considered petitioner's remaining arguments and find all to be without merit. I have not considered the affidavit of petitioner's trial counsel, filed in connection with the government's brief, as I do not find it necessary for decision.